Curia, per

Butler, J.
There seems to be no doubt that the writ was left at the defendant’s residence, in the manner prescribed by the Act of 1737; that is, it was put in an obvious part of the house, by the deputy sheriff, with a notice to a white man residing'there in the absence of the defendant, but not present at the time that it had been so left; and it is equally certain that the defendant got possession of the writ before court, and when he had an opportunity to enter his appearance. The question arises on the construction of the Act of 1720, whether the defendant falls within that description of persons who may be served with process in their absence, by having a copy left at their residence. That Act provides, “ that in case the defendant absconds, or absents himself so that he cannot be found, the sheriff may serve him by leaving a true copy of such writ at the dwelling house, or the most usual and notorious place of the residence-or habitation of the defendant, with a proviso that the Act shall not be construed or extended to any persons gone off from this settlement, and not being actually resideht in-, the same when such copy shall be left,” Ac. The proviso shews that all persons retaining residences in the State are liable to the provisions of the Act. Neither the duration or place of absence isli-mitted or designated, nor could they well be. It has, however, been repeatedly decided, that the fact of a defendant being out of the limits of the State, at the time of such service, will not be sufficient to set it aside. In the case of Frean ads. Crookshank, 3 McCord, 85, the defendant was in New York'at the time the. copy was left; and in another case, 1 McCord, 566, the defendant was in Georgia. Yet in both these cases the service was held good; and if it had appeared that the defendants did not receive the copy until after return-day, the case before the court could not be distinguished from them. That was a circumstance which *355 did not seem to have been regarded important, as it is not adverted to; nor do I think it can. make any difference, for, whether, absent from home in the State or out of it, the notice, constructive notice, would be the same. Territorial position cannot change the nature of the notice. It is true, a sheriff cannot serve a party personally by delivering process to him in another State or district; for he must act within his own jurisdiction, to make his acts valid ; and when within his own district, he leaves.process at a defendant's house during his absence, but with an intention to return, it is made as good as personal service by the provisions of the above Act, the residence being substituted for the person. . And if it were .not so, plaintiffs would be subjected to great delay, and in some instances their cause of action might be entirely defeated. There can be little danger in holding that in all cases of temporary absence, a defendant may be served by copy left at his house, whilst the contrary doctrine wóuld operate unequally, and interfere with valuable rights; for, in cases of hardship and injustice, as is suggested by Judge Johnson in the case quoted, the court can give the party relief, by either letting him enter an appearance before judgment, or opening the judgment to allow him an opportunity to make a defence. The defendant in the case before the court, had a right to enter his appearance without leave of the court, or consulting the opposite party. The difficulty in which he finds himself involved, arises out of his relation to Milton, and not out of any unfairness or irregularity in the service of the writ. He cannot well complain of either ignorance or surprise. We think the circuit decision should be set aside. Motion granted.
O’Neall, Evans and Earle, JJ., concurred.